**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELISABETH AYTENFSU,
Petitioner,

v.

No. 98-1966

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-687-720)

Submitted: February 23, 1999

Decided: March 18, 1999

Before WIDENER and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allan Ebert, Washington, D.C., for Petitioner. Frank W. Hunger,
Assistant Attorney General, John J. Andre, Senior Litigation Counsel,
Terri J. Scadron, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elisabeth Aytenfsu petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

The Immigration and Nationality Act (Act) authorizes the Attorney General to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The well-founded fear of persecution standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (citation omitted); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's determination that Aytenfsu is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994).* We accord the Board all pos-

_____

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L.

2

sible deference. See Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Aytenfsu] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Aytenfsu, who entered the United States in December 1992 under a student visa, disagrees with the Board's finding that she failed to establish past persecution or a well-founded fear of future persecution in her home country based on her political opinion or social group. Our review reveals, however, that substantial evidence supports the Board's finding that Aytenfsu did not satisfy her statutory burden.

Evidence established that Aytenfsu, a native and citizen of Ethiopia and an ethnic Amhara, entered the United States at the age of sixteen for the purpose of attending college in Maryland. Her student visa listed her continued enrollment in college as a requirement for her remaining in this country. Although Aytenfsu applied to the Immigration and Naturalization Service (INS) for asylum in 1993, she stopped attending school in May 1995. She concedes her deportability for not having complied with the conditions of her nonimmigrant status. However, she seeks asylum based on her fear of persecution on her proposed return to Ethiopia. This fear of persecution, in turn, is based upon Aytenfsu's alleged affiliation with a series of political organizations that have been disfavored by recent Ethiopian governments. She also claims that her father was subjected to two arrests by members of former Ethiopian governments and that two of her cousins were killed because of their ethnicity or political beliefs.

In January 1997 an immigration judge held a hearing and concluded that Aytenfsu failed to show a past history or present threat of persecution based on her ethnicity or political beliefs. Her specific claims of political activity were either non-credible or lacked sufficient force to raise a presumption that Aytenfsu was a known political

---

No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

activist either in the United States or Ethiopia. The immigration judge found that Aytenfsu gave "no detailed testimony regarding her background in the [United Democratic Nationals Party]." Specifically, he noted that she could not even recite the motto of the organization which she had earlier testified was the whole "thrust of the organization." (A.R. at 27). In regard to her membership with the Coalition of Ethiopian Democratic Forces (COEDF), the immigration judge determined that Aytenfsu was only tangentially involved in the organization, and furthermore, he noted that Aytenfsu's own statements indicate that COEDF members have successfully returned to Ethiopia. The immigration judge also found her affiliation with the All Amhara People's Organization to be minor in nature. Aytenfsu admitted to attending only those meetings open to the general public and could not recall having attended a meeting in the year preceding the hearing. Finally, the immigration judge indicated that Aytenfsu's father and three brothers remain in Ethiopia and have not suffered persecution from the current government.

Aytenfsu challenges the immigration judge's findings and the Board's review holding that her account of threatened political persecution by the current government of Ethiopia lacks credibility. As a threshold matter, our review is limited to the decision of the Board. See Huaman-Cornelio, 979 F.2d at 999. The Board found Aytenfsu lacked credibility because her testimony contained material inconsistencies and she failed to provide adequate corroborating evidence where it would otherwise be expected. This credibility determination is entitled to "substantial deference." Figeroa, 886 F.2d at 78. While Aytenfsu asserts that the immigration judge's decision is "preposterous" and that the "Board's decision was made without fully opening the file," we disagree. Her claims notwithstanding, Aytenfsu simply failed to show that she was likely to be subject to persecution upon her return to Ethiopia. Accordingly, we find that substantial evidence supports the Board's finding that Aytenfsu's claim lacked credibility and that she was therefore ineligible for the requested relief.

Because Aytenfsu has not established eligibility for asylum, she cannot meet the higher standard for withholding of deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED

5